## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

William Pearl,
  Petitioner,

  vs.

        Case No. 1:08cv3
        (Barrett, J.; Hogan, M.J.)

Warden, Lebanon Correctional
Institution,
  Respondent.

## REPORT AND RECOMMENDATION

Petitioner, who is incarcerated at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on respondent's motion to dismiss filed March 5, 2008 (Doc. 5), which is opposed by petitioner (Doc. 6).

### Procedural Background

On November 7, 1997, the Hamilton County, Ohio, grand jury issued a ten-count indictment charging petitioner with six counts of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1) (Counts 1-6); three counts of forgery in violation of Ohio Rev. Code § 2913.31(A)(3) (Counts 7-9); and one count of failure to comply with an order or signal of a police officer in violation of Ohio Rev. Code § 2921.331(B) (Count 10). (Doc. 5, Ex. 1). Firearm specifications were attached to four of the aggravated robbery counts (Counts 1-4). (*Id.*).

On April 8, 1998, petitioner entered a guilty plea to all charges, as well as to the firearm specifications attached to four of the aggravated robbery counts which carried a mandatory 3-year prison term. (*See id.,* Ex. 2). In the filed written plea Entry, which was signed by petitioner and counsel for both parties, petitioner stated that he understood his "right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days of my sentence." (*Id.*). Petitioner further stated that he understood and acknowledged that he had "agreed with the prosecution on a potential sentence [totaling 30 years], to wit: 3 yrs each on Cnts 1, 2, 3, 4, 5, 6 consecutive; gun specs #2 on Cnts 1, 2, 3, 4 of 3 yrs each consecutive to each other and consecutive to Cnts 1, 2, 3, 4, 5, 6; and 1 yr each on Cnts 7, 8, 9, 10 concurrent to each other and concurrent to Cnts 1, 2, 3, 4, 5, 6." (*Id.*). Petitioner was sentenced that same date in accordance with the specific terms of the plea agreement to a prison term totaling thirty (30) years. (*Id.,* Ex. 3).

Petitioner did not pursue an appeal as of right from his conviction and sentence. Indeed, petitioner took no action to challenge his conviction or sentence until nearly four years later, when on February 19, 2002, he filed a *pro se* motion for delayed appeal to the Ohio Court of Appeals, First Appellate District. (*Id.,* Ex. 4). In the motion, he alleged that the "plea agreement was not properly explained and coerced upon him by trial counsel" and that the "lack of effective representation by [counsel] caused [petitioner] to enter an unintelligent plea." (*Id.*). On March 28, 2002, the Ohio Court of Appeals overruled the motion on the ground that "appellant has failed to provide sufficient reasons for failure to perfect an appeal as of right." (*Id.,* Ex. 6). Petitioner did not appeal this decision to the Ohio Supreme Court.

Over a year later, on July 8, 2003, petitioner next filed a *pro se* motion to withdraw his guilty plea with the Hamilton County Common Pleas Court. (*Id.,* Ex. 7). Petitioner essentially claimed that he had not entered his plea knowingly, intelligently or voluntarily and that his counsel was ineffective by forcing him to agree to the plea bargain. (*See id.*). On July 11, 2003, the common pleas court denied the motion. (*Id.,* 8). Petitioner timely appealed to the Ohio Court of Appeals, First Appellate District, which issued a Judgment Entry on June 16, 2004 overruling petitioner's assignments of error and affirming the trial court's judgment. (*Id.,* Exs. 9-10, 12). Petitioner again did not pursue an appeal to the Ohio Supreme Court.

Over two years later, on July 7, 2006, petitioner filed another *pro se* motion for

2

leave to file a delayed appeal to the Ohio Court of Appeals, First Appellate District. (*Id.*, Ex. 13). In this motion, petitioner claimed for the first time that his sentence was unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and *Blakely v. Washington,* 542 U.S. 296 (2004), as applied by the Ohio Supreme Court to Ohio's sentencing statutes in *State v. Foster,* 845 N.E.2d 470 (Ohio 2006). (*See id.*). Petitioner contended as "good cause" for his delay in filing that he was not informed at the April 1998 sentencing hearing that he "had a right to appeal his sentence within 30-days from entry of judgment" and that his counsel had informed him that his agreed-to sentence was "unreviewable pursuant to R.C. 2953.08(D)" even though he had told counsel that "he believed such sentence was excessive, thereby alerting ... counsel that an appeal may be warranted." (*Id.*).

On August 3, 2006, the Ohio Court of Appeals overruled petitioner's motion for delayed appeal on the grounds that (1) petitioner had failed "to provide sufficient reasons for failure to perfect an appeal as of right," and (2) "there was an agreed sentence [see R.C. 2953.08(D)]." (*Id.*, Ex. 15). Apparently, petitioner did not pursue an appeal from this decision to the Ohio Supreme Court.

Two months later, on September 5, 2006, petitioner filed a *pro se* motion "for leave to proceed *in forma pauperis* and appointment of counsel" with the Hamilton County Common Pleas Court. (*Id.*, Ex. 16). In the motion, petitioner alleged that he was sentenced in violation of *Apprendi, Blakely* and *Foster*, and also asserted in a second claim that his "twenty-six year sentence must be reduced to a three year sentence because the evidence was insufficient to support such twenty-six year sentence." (*See id.*). On March 16, 2007, petitioner filed a *pro se* motion with the common pleas court requesting "Final Adjudication Of His Petition For Postconviction Relief per O.R.C. § 2701.02." (*Id.*, Ex. 17). In response, the State filed a motion to dismiss (*Id.*, Ex. 18), which apparently has not been ruled on by the state trial court.

On June 7, 2007, petitioner filed a *pro se* petition for writ of habeas corpus with the Warren County, Ohio, Court of Common Pleas. (*Id.*, Ex. 19). Petitioner contended that he was entitled to immediate release from state custody, because "his maximum sentence as provided by law has expired." (*Id.*). Respondent filed a motion to dismiss, which was granted on July 13, 2007. (*See id.*, Ex. 20).

Finally, on September 7, 2007, petitioner filed another petition for habeas

corpus relief with the Ohio Supreme Court. (*Id.,* Ex. 21). On October 24, 2007, the Ohio Supreme Court *sua sponte* dismissed the case without opinion. (*Id.,* Ex. 22).

The instant petition for writ of habeas corpus was officially filed with this Court on January 2, 2008. (Doc. 1). However, under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); s*ee also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). Here, petitioner avers in the petition that he placed the petition in the prison mailing system on December 19, 2007. (Doc. 1, p. 15). Therefore, the undersigned will assume in petitioner's favor that the petition was "filed" under the prison mail-box rule on December 19, 2007.

In the petition, petitioner asserts the following three related grounds for relief challenging his sentence under *Apprendi, Blakely* and *Foster*:

**Ground One:** Sentence in excess of six (6) year judgment void under U.S. Constitution.

**Supporting Facts:** State trial judge made and used "judicial factfindings" to enhance maximum/minimum sentence otherwise authorized by O.R.C. § 2929.14(B) contrary to Sixth & Fourteenth Amendment right to trial by jury & Fourteenth Amendment right to have enhancing element proven beyond a reasonable doubt.

**Ground Two:** Due Process & Equal Protection Clause requires that habeas corpus relief be made permanent.

**Supporting Facts:** Once habeas court determines that *Apprendi-Blakely* violation occurred, relief must be made permanent and sentence modified to maximum of six (6) years once court exercises its "pendent" or supplemental jurisdiction as codified at 28 U.S.C. § 1367.

**Ground Three:** Remand to state court would vitiate *Gray v. Mississippi,* [481 U.S. 648 (1987)].

4

**Supporting Facts:** In not making habeas corpus relief permanent, habeas court will have subjected Petitioner to . . . *Foster* . . ., "judicial enlargement of Ohio's sentencing Statutes" Due Process violation as ex post facto/Double Jeopardy.

(*Id.*, pp. 6, 7, 9).

In response to the petition, respondent has filed a motion to dismiss. Respondent contends that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 5). Petitioner opposes respondent's motion. (Doc. 6).

## OPINION

### The Petition Is Barred From Review On Statute Of Limitations Grounds

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, the Court must first determine which, if any, limitations provision contained in 28 U.S.C. § 2244(d)(1) applies to petitioner's claims for relief.

Respondent apparently is of the view that petitioner's claims accrued before petitioner's conviction became "final" by the conclusion of direct review or

expiration of time for seeking such review. Therefore, it is respondent's position that the statute of limitations set forth in § 2244(d)(1)(A) applies, which began to run in May 1998 when the 30-day period expired for filing an appeal as of right to the Ohio Court of Appeals from the trial court's April 8, 1998 final judgment entry. (Doc. 5, Brief, pp. 6-7). Under this theory, the instant petition is time-barred because the one-year limitations period would have expired in May 1999, and petitioner's subsequent motions filed years later in the state courts for delayed appeal, for post-conviction relief, and for state habeas corpus relief would not have served to toll the running of the statute, which had long since run its course, under 28 U.S.C. § 2244(d)(2).[1]

Petitioner opposes respondent's position. First, he contends that no statute of limitations provision should apply because he has presented a jurisdictional issue which amounts to a "structural defect" that can be raised at any time. (*See* Doc. 6, p. 1). Even assuming, as petitioner argues, that jurisdictional claims are always subject to review on the merits despite a statute of limitations or other procedural bar, the undersigned is not persuaded that such a claim has been raised here.

Petitioner posits that the "sentencing court only possessed subject matter jurisdiction in this case to impose the shortest prison term of six (6) years as specified under Ohio [Rev.] Code § 2929.14(A)(b)," because the indictment failed to allege the additional essential elements required to be found by a jury beyond a reasonable doubt before any sentence in excess of six (6) years could be imposed. (*See id.,* pp. 2-4). However, no court (including the Supreme Court in *Blakely* and its progeny) has held that the indictment must include not only the essential elements of the substantive criminal offenses charged against a defendant, but also any additional factual findings necessary for the imposition of a non-presumptive sentence falling within the permissible statutory range, which ultimately may or may not be made post-conviction at the sentencing hearing after a pre-sentence investigation.

In *Foster,* 845 N.E.2d at 487-88, the Ohio Supreme Court held that certain sections of Ohio's sentencing code had been "eviserated by *Blakely.*" To remedy the

---

[1]*See Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998); *cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

constitutional infirmity, however, the *Foster* court adopted the approach used by the Supreme Court in *United States v. Booker,* 543 U.S. 220 (2005), with respect to the federal sentencing guidelines, of severing the four *Blakely*-offending portions of Ohio's sentencing statutes and granting trial courts "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *See Foster,* 845 N.E.2d at 494-98. By excising the provisions that rendered Ohio's sentencing scheme mandatory and thus permitting the sentencing court broad discretion to impose a sentence within the applicable statutory range, the *Foster* court adopted a remedy that, as in *Booker*, 542 U.S. at 233, "encounters no Sixth Amendment shoal" and thus certainly no jurisdictional hurdle.

In any event, no jurisdictional concerns are triggered here because, contrary to petitioner's contention, the trial court did not make any additional findings in determining petitioner's sentence. Instead, the court merely imposed the sentence that the parties had jointly recommended as a term of their plea bargain. Indeed, it appears from the record that the trial court imposed the precise terms of imprisonment that the parties had agreed to in arriving at the aggregate thirty-year sentence. (*See* Doc. 5, Exs. 2-3).

Second, petitioner has suggested that to the extent his claims are governed by a limitations provision, the provision set forth in 28 U.S.C. §2244(d)(1)(B) may apply to his claims. Specifically, petitioner has alleged in state court pleadings that he was not informed of his right to an appeal which had to be exercised within thirty days of the April 8, 1998 judgment entry and that his trial counsel told him that his sentence was not reviewable under state law. In essence, these allegations give rise to the argument that petitioner was prevented from filing a timely federal habeas petition by conduct that amounted to a state impediment to filing under § 2244(d)(1)(B) and that the statute of limitations could not have commenced running until after the state impediments to filing were removed.

The limitations provision set forth in § 2244(d)(1)(B) has been found to apply in cases where the petitioner has alleged that his counsel was ineffective in perfecting or pursuing an appeal requested by him and such ineffectiveness actually prevented the petitioner from filing a timely habeas petition. *See, e.g., Waldron v. Jackson,* 348 F.Supp.2d 877, 882-86 (N.D. Ohio 2004); *Woods v. Jackson,* No. 1:00cv803, 2006 WL 746293, at *5-7 (S.D. Ohio Mar. 22, 2006) (Spiegel, S.J.) (unpublished); *see also*

7

*Winkfield v. Bagley,* 66 Fed.Appx. 578, 582-83 (6th Cir. May 28, 2003) (not published in Federal Reporter), *cert. denied,* 540 U.S. 969 (2003); *Dean v. Pitcher,* No. Civ. 02-71203-DT, 2002 WL 31875460, at *3 (E.D. Mich. Nov. 7, 2002) (unpublished); *Collier v. Dretke,* No. 3:03-CV-2744-L, 2004 WL 1585903, at *2 (N.D. Tex. July 13, 2004) (Report & Recommendation) (unpublished), *adopted,* 2004 WL 1944030 (N.D. Tex. Aug. 31, 2004) (unpublished); *Felton v. Cockrell,* No. 3:03-CV-0764-L, 2003 WL 21946862, at *3 (N.D. Tex. Aug. 13, 2003) (Report & Recommendation) (unpublished).[2]

In this case, petitioner has not alleged that he asked his trial counsel to prepare and file an appeal on his behalf. Petitioner has alleged, however, that that his trial counsel was ineffective to the extent counsel advised petitioner that his agreed-to sentence was not reviewable. Moreover, petitioner has further alleged that he was not adequately informed at sentencing of his right to an appeal as of right which had to be exercised within thirty days of the April 8, 1998 final judgment entry.

The undersigned gives little credence to petitioner's claim that he was not adquately informed of his right to an appeal. In the written plea agreement signed by petitioner, petitioner stated that he understood his "right to appeal a maximum sentence, my other limited appellate rights *and that any appeal must be filed within 30 days of my sentence;*" petitioner also stated that he had "read this form and . . . knowingly, voluntarily, and intelligently enter this guilty plea." (Doc. 5, Ex. 2) (emphasis added). It, therefore, appears clear from the record that petitioner was placed on notice and understood at the time he entered his plea that he had at least a limited right to an appeal, which he was required to file promptly within a thirty-day time frame. *Cf. Hawk v. Warden, Noble Corr. Instit.,* No. 2:06cv707, 2007 WL 2840319, at *1, 4 (S.D. Ohio Sept. 27, 2007) (Watson, J.; Abel, M.J.) (unpublished) (rejecting the petitioner's argument that he was actually prevented from timely filing his federal habeas petition, where the petitioner was similarly informed in the written plea agreement that he had a limited right of appeal which he was required to file within thirty days of sentencing, and where petitioner similarly claimed that he told his attorney to file an appeal, but his attorney advised him it wasn't worth it and that

---

[2]*Cf. Granger v. Hurt,* 90 Fed.Appx. 97 (6th Cir. Jan. 23, 2004) (not published in Federal Reporter) (petition was timely filed under § 2244(d)(1)(D), because the petitioner did not act outside the scope of due diligence by waiting two months before inquiring about the status of his appeal which he believed had been filed by his attorney); *but see Dunker v. Bissonnette,* 154 F.Supp.2d 95, 105 (D. Mass. 2001) (rejecting argument that the petitioner's court-appointed attorney was a "state actor" under § 2244(d)(1)(B)).

he had no grounds for an appeal).

In addition, the Court finds no merit to any contention that § 2244(d)(1)(B) is applicable because petitioner's trial counsel improperly advised petitioner that he could not appeal his agreed-to sentence.

Ohio Rev. Code § 2953.08(D) provides that a "sentence imposed upon a defendant is not subject to review . . . if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."[3] Therefore, as counsel purportedly advised, petitioner had no right granted by the state to appeal his sentence, which was jointly recommended by the defense and prosecution, unless it was not "authorized by law." *See Rockwell v. Hudson,* No. 5:06cv391, 2007 WL 892985, at *6 (N.D. Ohio Mar. 21, 2007) (unpublished) (citing *State v. Mathis,* 846 N.E.2d 1, 6 (Ohio 2006); *State v. Porterfield,* 829 N.E.2d 690, 691 (Ohio 2005) (syllabus)) ("Under Ohio law, a sentence imposed by the trial court which is authorized by law and recommended jointly by the defense and prosecution is not subject to appellate review."); *Cornell v. Jeffries,* No. 2:05cv948, 2006 WL 2583300, at *8 (S.D. Ohio Sept. 7, 2006) (Smith, J.) (unpublished) (and numerous Ohio cases cited therein).

Here, petitioner's sentence was authorized by law to the extent it did not exceed the maximum terms that the trial court was permitted by statute to impose on petitioner's convictions for six aggravated robbery offenses, each of which carried a maximum prison term of ten years; the four firearm specifications, each of which carried a mandatory prison term of three years; the three forgery offenses, each of which carried a maximum prison term of one year; or the failure to comply offense, which carried a maximum prison term of 18 months. *(See* Doc. 5, Ex. 2); *cf. Cornell, supra,* 2006 WL 2583300, at *13 (and state case cited therein).

Furthermore, petitioner is unable to establish that his sentence was not "authorized by law" within the meaning of Ohio Rev. Code § 2953.08(D) in light of

---

[3]Although in *Foster,* the Supreme Court of Ohio struck down several provisions of Ohio's sentencing statutes as unconstitutional in light of *Blakely,* § 2953.08(D) was not among the provisions severed. *Foster* did not "change the statutory range of punishments. Thus, any sentence imposed upon an offender that falls within the statutory range of available sentences still remains a sentence 'authorized by law' under Ohio Rev. Code § 2903.08(D)." *State v. Billups,* No. 06AP-853, 2007 WL 853335, at *2 (Ohio Ct. App. 10 Dist. Mar. 22, 2007) (unpublished), *appeal dismissed,* 872 N.E.2d 952 (Ohio 2007).

9

*Apprendi-Blakely* and the line of cases following them. Petitioner's conviction and sentence became final when the time expired in May 1998 for filing an appeal as of right, years before the Supreme Court decided *Apprendi* in 2000, followed by *Blakely* on June 24, 2004, which in turn was followed by *Booker* on January 12, 2005.

It is well-settled in the Sixth Circuit that these Supreme Court decisions may not be applied retroactively to cases on collateral review, where as here the conviction previously had become final by the conclusion of direct review or the expiration of time for seeking such review.[4] *See, e.g., United States v. Saikaly,* 424 F.3d 514, 517 & n.1 (6th Cir. 2005) (and supporting cases from other circuits cited therein); *Humphress v. United States,* 398 F.3d 855, 860-63 (6th Cir.), *cert. denied,* 546 U.S. 885 (2005); *Spiridigliozzi v. United States,* 117 Fed.Appx. 385, 394 (6th Cir. Nov. 15, 2004) (not published in Federal Reporter); *see also Goode v. United States,* 305 F.3d 378, 382-85 (6th Cir.) (and 11th, 8th, 4th and 9th Cir. cases cited therein) (involving 28 U.S.C. § 2255 application challenging federal sentence based on *Apprendi*), *cert. denied,* 537 U.S. 1096 (2002).[5]

Even assuming, *arguendo,* that the *Apprendi-Blakely* line of cases could be retroactively applied here, Ohio's appellate courts are in accord that the Supreme Court cases leading up to and resulting from *Blakely* are inapplicable to a stipulated sentence authorized by state law and imposed in accordance with the parties' plea agreement, which relieves the onus of fact-finding from the trial court. *See, e.g., State v. Brown,* No. 05AP-375, 2006 WL 225524, at *3 (Ohio Ct. App. 10 Dist. Jan. 31, 2006) (unpublished) (holding that because a *Blakely* claim "is premised upon the need for a jury to make certain statutorily required sentencing findings," and because no such findings are required under Ohio law when the parties agree to and jointly

---

[4]The Supreme Court has stated that "[s]tate convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely petition has been finally denied.'" *See Allen v. Moore,* Case No. 1:05cv731, 2007 WL 651248, at *4 n.1. (S.D. Ohio Feb. 23, 2007) (Barrett, J.) (unpublished) (quoting *Beard v. Banks,* 542 U.S. 406, 411 (2004) (in turn quoting *Caspari v. Bohlen,* 510 U.S. 383, 390 (1994)).

[5]*Cf. Hanna v. Jeffreys,* No. 2:05cv727, 2006 WL 462357, at *6 (S.D. Ohio Feb. 22, 2006) (King, M.J.) (Report & Recommendation) (unpublished) (holding that "§ 2244(d)(1)(C) does not serve to delay the date the statute of limitations began to run as to petitioner's claim that his sentence violates *Blakely* ... because *Blakely* is not retroactively applicable to cases on collateral review"), *adopted,* 2006 WL 689060 (S.D. Ohio Mar. 26, 2006) (Graham, J.) (unpublished); *Harris v. United States,* 536 U.S. 545, 581 (Thomas, J., dissenting) ("No Court of Appeals, let alone this Court, has held that *Apprendi* has retroactive effect.").

recommend the sentence imposed, *Blakely* could not be applied to the defendant's sentence), *appeal dismissed,* 848 N.E.2d 859 (Ohio 2006); *State v. Ranta,* No. 84976, 2005 WL 1705744, at *3 (Ohio Ct. App. 8 Dist. July 21, 2005) (unpublished) ("*Blakely* addresses only those instances in which a judge makes findings statutorily required for the imposition of certain sentences. Because we conclude in the case at bar that as a result of the plea agreement no findings were required, *Blakely* does not apply for this very specific reason.").[6]

Indeed, in an analogous case, this Court has recognized that "by agreeing as a term of the plea bargain to a specified prison sentence . . . petitioner waived any argument that such sentence was imposed under statutory standards held to be unconstitutional by the [Ohio] Supreme Court in ... *Foster* ... in light of *Blakely*...." *Todd v. Wolfe,* No. 1:05cv737, 2007 WL 951616, at *5 (S.D. Ohio Mar. 28, 2007) (Spiegel, S.J.) (unpublished) (citing numerous Ohio appellate court decisions); *see also Chatman v. Wolfe,* No. 1:06cv280, 2007 WL 2852341, at *6 (S.D. Ohio Oct. 1, 2007) (Barrett, J.; Black, M.J.) (unpublished); *cf. Rockwell, supra,* 2007 WL 892985, at *7.

A number of federal circuit courts have applied a similar rationale to defendants seeking to challenge their federal sentences in light of the Supreme Court's *Booker* decision, wherein the Court held that the Sixth Amendment as construed in *Blakely* applied to the federal Sentencing Guidelines and thus any fact (other than a prior conviction) which increases a sentence beyond the statutory maximum must be presented to a jury and proved beyond a reasonable doubt. *See, e.g., United States v. Pacheco-Navarette,* 432 F.3d 967, 971 (9th Cir. 2005) (concluding that remand for re-sentencing was "not required to comport with *Booker*"

---

[6]*See also State v. Spurling,* No. C-060087, 2007 WL 624993, at *3 (Ohio Ct. App. 1 Dist. Mar. 2, 2007) (unpublished) (citing *State v. Simmons,* No. C-050817, 2006 WL 3111415, at *2-3 (Ohio Ct. App. 1 Dist. Nov. 3, 2006) (per curiam) (unpublished), *appeal dismissed,* 862 N.E.2d 844 (Ohio 2007)), *appeal dismissed,* 870 N.E.2d 733 (Ohio 2007); *State v. Nguyen,* No. L-05-1369, 2007 WL 1229306, at *5 (Ohio Ct. App. 6 Dist. Apr. 27, 2007) (unpublished); *State v. Billups,* No. 06AP-853, 2007 WL 853335, at *2 (Ohio Ct. App. 10 Dist. Mar. 22, 2007) (unpublished), *appeal dismissed,* 872 N.E.2d 952 (Ohio 2007); *State v. Carrico,* No. 2005CA00324, 2007 WL 427909, at *3 (Ohio Ct. App. 5 Dist. Feb. 5, 2007) (unpublished); *State v. Giesey,* No. 5-06-31, 2006 WL 3771982, at *2 (Ohio Ct. App. 3 Dist. Dec. 26, 2006) (unpublished); *State v. Bower,* No. 06CA3058, 2006 WL 3530134, at *3 (Ohio Ct. App. 4 Dist. Nov. 30, 2006) (unpublished); *State v. Kimble,* No. 2005-T-0085, 2006 WL 3350483, at *5 (Ohio Ct. App. 11 Dist. Nov. 17, 2006) (unpublished); *State v. Jackson,* No. 86506, 2006 WL 1705133, at *9 (Ohio Ct. App. 8 Dist. June 22, 2006) (unpublished), *appeal dismissed,* 855 N.E.2d 1260 (Ohio 2006); *State v. Woods,* No. 05CA0063, 2006 WL 1284613, at *2 (Ohio Ct. App. 2 Dist. May 5, 2006) (unpublished).

in case "where a defendant was sentenced after pleading guilty to a plea agreement that included a specific sentence stipulation that did not exceed the statutory maximum and was not contingent upon the Guidelines"), *cert. denied,* 127 S.Ct. 197 (2006); *see also United States v. Silva,* 413 F.3d 1283, 1284 (10th Cir. 2005) (and cases cited therein) (holding that the defendant, who had bargained for a certain sentence and thus had "voluntarily exposed himself to a specific punishment," could not "now claim he was the victim of a mandatory sentencing scheme" in violation of *Booker*); *United States v. Cieslowski,* 410 F.3d 353, 363-64 (7th Cir. 2005) (holding that *Booker,* which "is concerned with sentences arising under the Guidelines," is inapplicable to a "sentence imposed under a Rule 11(c)(1)(C) plea[, which] arises directly from the agreement itself, not from the Guidelines"), *cert. denied,* 546 U.S. 1097 (2006); *United States v. Sahlin,* 399 F.3d 27, 32-33 (1st Cir. 2005) (rejecting claim that a sentence enhancement should be vacated under *Booker,* because the parties had "jointly stipulated to the enhancement and the sentencing increase resulting from the enhancement," and the court did not "engage in fact finding in order to apply the enhancement," but rather "merely applied the terms of the plea agreement, to which it was bound").[7]

The undersigned acknowledges that in a habeas case filed in the Eastern Division of this Court–*Friley v. Wolfe,* No. 2:05cv396, 2006 WL 3420209 (S.D. Ohio Nov. 27, 2006) (Marbley, J.) (unpublished), the Court vacated a five-year sentence found to have been imposed in violation of *Blakely* despite the fact that the parties had jointly recommended the five-year prison term in their plea agreement. The Court determined that although the parties had agreed to the sentence imposed, the trial court was not required to accept their joint recommendation, nor did the joint recommendation "constitute a stipulation by petitioner to any factual findings that were required to be made by the trial court before it could impose a sentence greater than the statutory maximum." *Friley, supra,* 2006 WL 3420209, at *11. The Court reasoned further that "[w]hile it does appear that petitioner waived the right to appeal his sentence under O.R.C. § 2953.08(D) since the trial court imposed the jointly recommended sentence, nothing in the record before this Court reflects that petitioner was advised that he was waiving the right to appeal his sentence by agreeing to a

---

[7]In *Sahlin,* the First Circuit also rejected the defendant's claim that his guilty plea was "wrongly accepted, because it was based on his understanding of sentencing procedures, which was rendered erroneous by *Booker*;" the court reasoned that the defendant "was in fact sentenced under the mandatory scheme that he expected. And the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompany a guilty plea." *Sahlin,* 399 F.3d at 31 (quoting *Brady v. United States,* 397 U.S. 742, 757 (1970)) ("[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.").

jointly recommended sentence." *Id.*

The undersigned is not persuaded by the reasoning in *Friley* that the *Apprendi-Blakely* line of cases is applicable to a sentence authorized by law and imposed in accordance with the parties' joint recommendation contained in their plea agreement, because as discussed above, no further fact-finding was required for the imposition of such sentence under Ohio law. *See* Ohio Rev. Code § 2953.08(D); *see also Porterfield,* 829 N.E.2d at 694.[8]

Moreover, *Friley* relied primarily on a Sixth Circuit case, *United States v. Amiker,* 414 F.3d 606 (6th Cir. 2005), which is inapposite. In *Amiker,* the defendant pleaded guilty to an offense which, under the federal Sentencing Guidelines, provided a sentence range of 121 to 151 months' imprisonment. At sentencing, the trial court imposed sentencing enhancements, which placed the defendant in the Guidelines' sentence range of 168 to 210 months' imprisonment. The court sentenced the defendant to a 168-month prison term, "greater than the maximum of 151 months allowed by the facts to which [the defendant] admitted" and unsupported by facts found by a jury. The Sixth Circuit held that the sentence was imposed in violation of *Booker*, reasoning as follows:

> The Supreme Court has said that where a defendant pleads guilty, the government "'is free to seek judicial sentence enhancements so long as

---

[8]In *Porterfield,* the Ohio Supreme Court held that under Ohio Rev. Code § 2953.08(D), "[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence." *Porterfield,* 829 N.E.2d at 694. In that case, the state supreme court reversed an appellate court's determination that the trial court had committed reversible error in failing to articulate both "findings" for imposing consecutive sentences and "reasons" for those findings as required in *State v. Comer,* 793 N.E.2d 473 (Ohio 2003). In so ruling, the court explained:

> Porterfield's sentence was entered pursuant to a plea bargain in which Porterfield agreed to the precise sentence that was imposed. . . . Porterfield's sentence was authorized by law, was recommended jointly by him and the prosecution, and was imposed by a sentencing judge. Pursuant to R.C. 2953.08(D), Porterfield's sentence is not subject to review. *Comer* cannot be applied here. The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. *Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence.* Pursuant to R.C. 2953.08(D), the trial court's compliance with R.C. 2929.19 and *Comer* was not required.

*Porterfield,* 829 N.E.2d at 694 (emphasis added).

13

the defendant either stipulates to the relevant facts or consents to the judicial factfinding.'" . . . The plain meaning of this language, and the equally plain language of *Booker* and *Blakely*, indicate that consent to judicial factfinding cannot be found in an ordinary plea agreement. At the time of Amiker's plea agreement and sentencing, *all plea agreements required, either explicitly or implicitly, that a defendant agree to sentencing under the Guidelines.* Where this requirement is spelled out, we see no reason to imply consent to judicial factfinding. That Amiker, in his plea agreement, agreed to be sentenced pursuant to the Sentencing Guidelines, does not preclude him from raising the *Booker* error on appeal.

*Amiker,* 414 F.3d at 607-08 (emphasis added) (citations to *Booker* and *Blakely* omitted).

In contrast to the plea agreement in *Amiker,* the parties' bargained-for agreement to a specified sentence authorized by law relieves the court of any judicial fact-finding, and therefore does not implicate any concerns under *Apprendi, Blakely* or *Booker.* By relying on *Amiker,* the *Friley* court failed to take into account the many federal and state cases discussed above, which hold that *Blakely* and *Booker* do not apply to such sentences. The undersigned, therefore, declines to follow *Friley,* but rather is persuaded by the overwhelming number of cases holding otherwise.[9]

Accordingly, in sum, because the trial court imposed the precise sentence that the parties had agreed to as part of their plea bargain and petitioner is unable to prevail on any claim that the sentence was imposed in violation of the Sixth Amendment in light of *Apprendi-Blakely* and their progeny, the undersigned concludes that trial counsel's conduct did not fall outside the wide range of reasonable professional assistance to the extent counsel may have informed petitioner that he was precluded by Ohio Rev. Code § 2953.08(D) from appealing the sentence. *Cf. Porter v. Hudson,* No. 3:06cv1608, 2007 WL 2080444, at *8 & n.6 (N.D. Ohio July 16, 2007) (O'Malley, J.) (unpublished) (noting that, contrary to petitioner's contention, counsel's advice to petitioner "concerning his inability to appeal a jointly recommended sentence" was "supported by law"). The limitations provision set forth

___

[9]In other analogous cases, district judges of this Court have similarly declined to follow *Friley* in denying federal habeas relief to state prisoners who raised claims challenging their agreed-to sentences based on *Blakely*. *See, e.g., Warren v. Warden, Noble Corr. Instit.,* No. 1:06cv534, 2008 WL 1732976, at *5 (S.D. Ohio Apr. 10, 2008) (Barrett, J.) (unpublished); *Suttles v. Warden, Noble Corr. Instit.,* 1:06cv55, 2007 WL 2110498, at *10-11 (S.D. Ohio July 17, 2007) (Spiegel, S.J.; Hogan, M.J.) (unpublished).

14

in 28 U.S.C. § 2244(d)(1)(B), therefore, is not applicable to the case-at-hand.

Finally, an additional argument can be made in petitioner's favor that petitioner's claims arose much later, after *Apprendi, Blakely, Booker* and ultimately *Foster* were decided, and therefore either § 2244(d)(1)(C) or (D) applies to delay the commencement of the limitations period in this case.

However, § 2244(d)(1)(D) does not govern petitioner's grounds for relief. It is clear from the record that petitioner was aware at the time of sentencing that the trial court was imposing non-presumptive, consecutive sentences per the parties' plea agreement. Therefore, the factual predicate underlying petiitoner's claims was discoverable in the exercise of due diligence at the time petitioner was sentenced in April 1998.

Moreover, for the limitations provision set forth in § 2244(d)(1)(C) to apply, it must be established that the legal basis for petitioner's claims was "newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review." In this case, petitioner essentially alleges that the non-minimum consecutive sentences imposed by the trial court in April 1998 are unconstitutional under *Apprendi-Blakely,* particularly in light of the Ohio Supreme Court's decision in *Foster.*

As discussed above, petitioner's convictions and sentences became "final" in 1998, years before the Supreme Court decided *Apprendi* in 2000, followed by *Blakely* in 2004, which in turn was followed by *Booker* in January 2005; none of these Supreme Court decisions may be applied retroactively to cases on collateral review, where as here the conviction previously became final by the conclusion of direct review or expiration of time for seeking such review. *See, e.g., Saikaly,* 424 F.3d at 517 & n.1; *Humphress,* 398 F.3d at 860-63; *Spiridigliozzi,* 117 Fed.Appx. at 394; *Goode,* 305 F.3d at 382-85.[10]

---

[10]Petitioner also cannot rely on any pre-*Apprendi* Supreme Court decisions. *Apprendi* was the seminal case holding that the Fourteenth Amendment right to due process and the Sixth Amendment right to trial by jury, taken together, entitle a criminal defendant to a jury determination that the defendant is guilty beyond a reasonable doubt of any fact, other than the fact of a prior conviction, which increases the penalty for a crime beyond the prescribed statutory maximum. *See Apprendi,* 530 U.S. at 490. Indeed, before *Apprendi* was decided, a line of cases had developed from a statement made in a prior Supreme Court decision, *McMillan v. Pennyslvania,* 477 U.S. 79, 93 (1986), that "there is no Sixth Amendment right to jury sentencing, even where the sentence turns on specific findings of fact."

15

Petitioner further cannot rely upon *Foster* to delay the limitations period under § 2244(d)(1)(C), because *Foster* was not decided by the United States Supreme Court. In any event, in *Foster,* the Ohio Supreme Court expressly stated that the decision extended only to cases still pending on direct review. *Foster,* 845 N.E.2d at 499. Because the appeal period expired in this case years before *Foster* was decided, petitioner is unable to prevail on any claim that *Foster* may be applied retroactively to his case.

For the foregoing reasons, the undersigned adopts the position espoused by respondent that petitioner's claims for relief are governed by the limitations provision set forth in 28 U.S.C. § 2244(d)(1)(A), which provides that the one-year statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review. Under this provision, the statute commenced running on May 9, 1998, one day after the 30-day period expired in which to file an appeal as of right to the Ohio Court of Appeals from the trial court's April 8, 1998 judgment entry. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). The statute expired one year later on May 9, 1999 unless statutory or equitable tolling principles apply to extend the limitations period.

During this one-year period, petitioner was entitled to the benefits of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn,* 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998).

The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.

*Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

Here, petitioner did nothing to challenge his conviction or sentence in the state courts until he filed his first motion for delayed appeal with the Ohio Court of Appeals on February 19, 2002, nearly three years after the one-year limitations period had ended. Therefore, that motion, as well as petitioner's later-filed motions to withdraw his guilty plea, for delayed appeal, and for state habeas relief could not serve to toll the limitations period under § 2244(d)(2).[11]

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied,* 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court stated that a petitioner seeking equitable tolling generally bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

Before *Pace,* the Sixth Circuit required the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

_____

[11]Petitioner is unable to prevail on any claim that his motion for delayed appeal caused the limitations period to begin anew. In *Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001), the Sixth Circuit held that delayed appeal motions do not retrigger the statute's running, but rather can only serve to toll the limitations period. More recently, in *DiCenzi,* 452 F.3d at 469, the Sixth Circuit further emphasized that a motion for delayed appeal, *"even if granted,* does not restart the statute of limitations, but if properly filed, it does toll the statute during the time the motion was pending." (Emphasis added).

17

In this case, petitioner is not entitled to equitable tolling. He has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas petition with this Court or that he is otherwise entitled to equitable tolling under *Dunlap*.

Accordingly, in sum, the Court concludes that the instant petition, deemed "filed" on December 19, 2007, is time-barred. Under § 2244(d)(1)(A), the statute of limitations commenced running on May 9, 1998 and expired on May 9, 1999; neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to extend the limitations period in this case. Therefore, respondent's motion to dismiss the petition with prejudice on the ground that it is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d) (Doc. 5) should be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 5) be **GRANTED,** and petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any Order adopting this Report and Recommendation to dismiss the petition on procedural statute of limitations grounds, because under the applicable two-part standard established in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling or whether petitioner has stated viable constitutional claims in his grounds for relief given that neither the *Apprendi-Blakely* line of cases nor *Foster* are retroactively applicable to the case-at-hand.[12] *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal

---

[12] *Cf. Savage v. Moore,* No. 1:06cv2963, 2008 WL 341349 (N.D. Ohio Feb. 5, 2008) (unpublished) (reaching same conclusion in analogous case); *Ratliff v. Jefferys,* No. 3:06cv1931, 2007 WL 4248173 (N.D. Ohio Nov. 30, 2007) (unpublished) (same); *Winters v. Warden, Noble Corr. Instit.,* No. 1:06cv428, 2007 WL 2733995 (S.D. Ohio Sept. 13, 2007) (Dlott, J.) (unpublished) (same); *Wilson v. Wolfe,* No. 1:06cv542, 2007 WL 2446582 (S.D. Ohio Aug. 23, 2007) (Beckwith, J.) (unpublished) (same).

of any Order adopting this Report and Recommendation would be taken in "good faith," and therefore **GRANT** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: _____
cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2008 habeas orders\08-3grantMTD-sol.apprendi-blakely-foster.wpd

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

William Pearl,
     Petitioner

    vs                     Case No. 1:08cv3
                            (Barrett, J.; Hogan, M.J.)

Warden, Lebanon Correctional
Institution,
     Respondent

# NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus actio brought under 28 U.S.C. § 2254. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

William Pearl 360-107
Lebanon Corr. Inst.
PO Box 56
Lebanon, OH 45036

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X ☐ Agent
☐ Addressee

B. Received by ( *Printed Name* ) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number
*(Transfer from service label)*

7007 0710 0000 8130 7519

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:08cv3   Doc. 7