**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

William Pearl,

    Petitioner,

    v.                                     Case No. 1:08cv03

Warden, Lebanon Correctional         Judge Michael R. Barrett
Institution,

    Respondent.

## ORDER

Before the Court is the September 9, 2008 Magistrate Judge's Report and Recommendation ("R&R") (Doc. 7) regarding Respondent's Motion to Dismiss Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 5).

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Petitioner filed timely objections to the R&R. (Doc. 11)

**I. FACTUAL BACKGROUND**

On April 8, 1998, Petitioner plead guilty to six counts of aggravated robbery, three counts of forgery, and one count of failure to comply with an order or signal of a police officer. Petitioner also plead to the firearm specifications attached to four of the aggravated robbery counts. In the filed written plea entry, which was signed by Petitioner, his counsel and counsel for the prosecution, Petitioner stated that he understood his "right to appeal a maximum sentence, my other limited appellate rights and that any appeal must

be filed within 30 days of my sentence." Petitioner also stated that he understood and acknowledged that he had "agreed with the prosecution on a potential sentence" which totaled thirty years. Petitioner was sentenced to thirty years imprisonment in accordance with the terms of the plea agreement.

Almost four years later, on February 19, 2002, Petitioner filed a *pro se* motion for delayed appeal to the Ohio Court of Appeals. On March 28, 2002, the Ohio Court of Appeals overruled the motion, and Petitioner did not appeal this decision to the Ohio Supreme Court. However, on July 8, 2003, Petitioner filed another *pro se* motion with the Hamilton County Common Pleas Court to withdraw his guilty plea. On July 11, 2003, the court denied Petitioner's motion. Petitioner filed a timely appeal to the Ohio Court of Appeals, but the court overruled his assignments of error. Petitioner did not appeal this decision to the Ohio Supreme Court.

On July 7, 2006, Petitioner filed another *pro se* motion for leave to file a delayed appeal to the Ohio Court of Appeals. Petitioner claimed that his sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), as applied by the Ohio Supreme Court in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), *cert. denied*, 549 U.S. 979 (2006). Petitioner claimed "good cause" for his delay in that he was not informed at his sentencing hearing that he "had a right to appeal his sentence within 30-days from entry of judgment" and counsel had informed him that his agreed-to sentence was "unreviewable pursuant to R.C. 2953.08(D)" even though his counsel told him that "he believed such sentence was excessive, thereby alerting . . . counsel that an appeal may be warranted." The Ohio Court of Appeals overruled Petitioner's motion. Petitioner did not appeal this decision.

Petitioner then filed a series of *pro se* motions with the Hamilton County Common Pleas Court, one of which is still pending. Petitioner then filed two petitions for writ of habeas corpus. The first was on June 7, 2007 with the Warren County Court of Common Pleas, and the second was on September 7, 2007 with the Ohio Supreme Court. Both cases were dismissed.

Petitioner filed the instant petition on January 2, 2008. However, Petitioner provided his papers to prison authorities for mailing on December 18, 2007.

## II.   MAGISTRATE JUDGE'S R&R

The Magistrate Judge recommends granting Respondent's Motion to Dismiss. The Magistrate Judge concluded that Petitioner's petition is time-barred under the one-year statute of limitations found at 28 U.S.C. § 2244(d)(1)(A). The Magistrate Judge rejected Petitioner's argument that no statute of limitations should apply because he has raised a "structural defect" which can be raised at any time. The Magistrate Judge also rejected Petitioner's argument that his claims are governed by 28 U.S.C. § 2244(d)(1)(B) because he was not informed of the 30-day limit on his right to appeal, and his counsel told him that his sentence was not reviewable under state law. Finally, the Magistrate Judge found that neither 28 U.S.C. § 2244(d)(1)(D) or 28 U.S.C. § 2244(d)(1)(C) applied to delay the start of the limitations period.

The Magistrate Judge explained that the statute began to run on May 9, 1998, one day after the 30-day period expired for Petitioner to file an appeal as of right to the Ohio Court of Appeals. The Magistrate Judge found that the statute expired one year later on May 9, 1999. The Magistrate Judge found that Petitioner was not entitled to tolling based on any pending "properly filed" applications for state post-conviction relief or other collateral

review because he did nothing to challenge his conviction or sentence until February 19, 2002. At that time, the statute of limitations had already expired, and Petitioners' subsequent motions and petitions could not serve to toll the limitations period. The Magistrate Judge also found that Petitioner was not entitled to equitable tolling. Accordingly, the Magistrate Judge concluded that Petitioner's petition is time-barred and Respondent's Motion to Dismiss should be granted.

### III.   ANALYSIS

In his objections, Petitioner argues (1) his sentence in excess of six years is void under state law; and (2) the state sentencing court lacked subject-matter jurisdiction because elements used to enhance his sentence beyond six years were not alleged in the Indictment.

In support of his first argument, Petitioner cites to *State v. Foster*, which held that held that several provisions of Ohio's felony sentencing statute were unconstitutional pursuant to the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). However, as the Magistrate Judge noted, the trial court did not make any additional findings in determining petitioner's sentence. Instead, the court merely imposed the sentence that the parties had jointly recommended as a term of their plea bargain. As the Magistrate Judge explained, this Court has found that the *Blakely* line of cases does not apply where there is a stipulated sentence. The Court finds no error in the Magistrate Judge's analysis on this issue, and therefore the Court will not repeat the same here.

As to Petitioner's second argument, as noted by the Magistrate Judge, no court has held that the indictment must include not only the essential elements of the substantive criminal offenses, but also any additional factual findings necessary for the imposition of

a non-presumptive sentence falling within the permissible statutory range. Moreover, as explained previously, the trial court in this instance did not make any additional findings in determining petitioner's sentence. Therefore, as the Magistrate Judge explained, no jurisdictional concerns are triggered. The Court finds no error in this analysis.

Based on the foregoing, the Court rejects Petitioner's objections to the Magistrate Judge's R&R.

## IV. CONCLUSION

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's R&R. Accordingly, the September 9, 2008 Magistrate Judge's R&R is hereby **ADOPTED**. It is hereby ORDERED that:

1. Respondent's Motion to Dismiss (Doc. 5) is hereby **GRANTED**;

2. Petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice as time-barred;

3. A certificate of appealability shall not issue with respect to this Order dismissing the petition with prejudice on procedural statute of limitations grounds, under the applicable two-part standard established in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

4. Petitioner remains free to request issuance of the certificate from the Court of Appeals. *See* 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

5. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and therefore the Court **DENIES** any application by petitioner to proceed on appeal in *forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Petitioner remains free to apply to proceed *in forma pauperis* in the Court of Appeals.

**IT IS SO ORDERED.**

    */s/ Michael R. Barrett*
    Michael R. Barrett, Judge
    United States District Court